IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| CAPAHA BANK, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| DELTA CTR., INC., | ) | | |
| | ) | | |
| Consolidated Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| DELTA CTR., INC., | ) | | |
| DELTA CTR. RESIDENTIAL, INC., | ) | | |
| FIRST NAT'L BANK OF CAIRO, ILL., | ) | | |
| U.S. DEPT. OF AGRICULTURE, | ) | | |
| JANEICE BAILEY, | ) | | |
| MIKAYLA BAILEY, | ) | Case Nos. | 16-cv-0010-MJR & |
| MELANIE T. BALLARD, | ) | | 16-cv-0549-MJR |
| JULIE A. BURKITT, | ) | | |
| JESSICA BUTCHER, | ) | | |
| DAWANDA D. CANNON, | ) | | |
| SHANEKA CANNON, | ) | | |
| KENITRA L. CHILDRESS, | ) | | |
| DAWN M. CHLADA, | ) | | |
| MELOVEE CLARK, | ) | | |
| LEA A CLENDENIN, | ) | | |
| MARGARET M. DALE, | ) | | |
| RAYMOND E. DAVAULT, | ) | | |
| BARBARA R. DAVIS, | ) | | |
| REBECCA J. EFTINK, | ) | | |
| CHELIA ELLIS, | ) | | |
| KANESHA EURALES, | ) | | |
| MARIAN EVERAGE, | ) | | |
| JAMIE L. FEAR, | ) | | |
| MORGAN N. FRAYSER, | ) | | |
| MARVINA HALTON, | ) | | |

| | |
|---|---|
| WINTER HARRINGTON, | ) |
| BERNARD HARRIS, | ) |
| FRANZELLE E. HOWARD, | ) |
| CASEY E. HUFF, | ) |
| TAMELA HUGHES, | ) |
| CHARLETTE JACKSON, | ) |
| CARRIE JAMES, | ) |
| KATRINA L. JONES, | ) |
| DA'NAI LAMPKINS, | ) |
| ROBIN LUTKER, | ) |
| JULIE K. MASON, | ) |
| ORLANDO T. MATTHEWS, | ) |
| KATHLEEN M. MAYS, | ) |
| QUITMAN McBRIDE, | ) |
| SANDRA G. MCGREGOR, | ) |
| GEORGE R. MITCHELL, | ) |
| REGINDA MOORE, | ) |
| KIMYATTA MOORE, | ) |
| EDGAR NELSON, | ) |
| SHIRLEY RILEY, | ) |
| CHRISTY ROBERTSON, | ) |
| ARLENE SCHOEN, | ) |
| PATRICIA A. SHOULDERS, | ) |
| WILLIAM SKILES, | ) |
| JONI L. SMITH, | ) |
| LORIE ST. ARBOR, | ) |
| CYNTHIA SWOPE, | ) |
| LISA TOLBERT, | ) |
| CHRISTY TOON, | ) |
| PEARLENE TOOTS, | ) |
| LAWRENCE VALENTINE, | ) |
| JACOB VANWEY, | ) |
| ARKITA M. VEAL-WATTS, | ) |
| LYNN R. WEBSTER, | ) |
| MELODY WEDDING, | ) |
| SHARON K. WILKINS, | ) |
| BERNARD WILLIAMS, | ) |
| GLENN WILLIFORD, | ) |
| RICHARD WILLIS, | ) |
| U.S. DEPT. OF TREASURY, | ) |

| | |
|---|---|
| ILLINOIS DEPT. OF REVENUE, | ) |
| ILL. DEPT. OF LABOR, | ) |
| KENT MACK, | ) |
| UNKNOWN CLAIMANTS | ) |
| (consolidated from case 16-cv-0010), | ) |
| CAPAHA BANK (consolidated from case 16-cv-0010), | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**REAGAN, Chief Judge:**

This matter came before the Court on Tuesday, February 21, 2017 for a status conference regarding the pending dispositive motions, and multiple notices of settlement between various parties. The underlying dispute was a consolidation of two cases—16-cv-0010 and 16-cv-0549—that both dealt with the rights of the parties to funds the defunct Delta Center and Delta Center Residential had on deposit at First National Bank of Cairo and Capaha Bank. In essence, the parties sought to establish their rights of priority in the funds via their status as secured creditors. A more thorough recitation of the facts and procedural history of the case was read into the record orally at the status conference. Ultimately, the Court determined that the interwoven settlements reached by the parties (reflected in Docs. 53 and 54) were appropriate. The matter is now before the Court on the motions for summary judgment by the United States Department of Agriculture ("USDA") and Capaha Bank that remain pending (Docs. 29 and 30).

Summary Judgment is proper only "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Mktg. & Trade v. Multi Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (internal quotation marks omitted) (citing FED. R. CIV. P. 56(a)). *See also Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits, and/or information obtained via discovery—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to establish that material disputes of fact remain. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)(2)). But when a party fails to respond to a motion for summary judgment, its failure "constitutes an admission [] that there are no disputed issues of genuine fact warranting a trial." *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995).

Here, both of the motions for summary judgment claim a priority secured interest in the assets of Delta Center and/or Delta Center Residential, Inc. As to claims made between the USDA, Capaha, First National Bank of Cairo, the U.S. Department of Treasury, the Delta Center, and the Delta Center Residential—the parties resolved their priority claims amongst themselves. Both motions for summary judgment claimed a priority stake in the funds over any unsecured party—i.e. the individual named

defendants.  None of the individual named defendants appeared or otherwise responded to the motions for summary judgment or the notices of settlement.  The lack of response can be construed as an admission to the allegations that the movant's had priority interests in the funds.  *See Flynn*, **58 F.3d at 288.**  *See also* **SDIL-LR  7.1 (c).**

What is more, the Court gave the individual defendants an opportunity to appear and be heard at the status conference, and the Court attempted to ensure the parties were made aware of this opportunity by directing the USDA to serve the defendants with known addresses.  No individual appeared at the time and date set for the hearing.  In the Order setting the status conference, the Court clearly indicated that "[a]ny party not present will have their claims dismissed with prejudice for failure to prosecute" (Dkt. txt. 48).  Accordingly, the Court finds it appropriate to grant the motions for summary judgment and to dismiss with prejudice the individual defendants who did not appear or otherwise respond in this case.

Thus, the Court finds that, except as set out in the settlement between the USDA and Capaha Bank, the secured claim of the USDA is superior to any other claim against Delta Center, Inc. and Delta Center Residential, Inc. with respect to the *res* held by First National Bank of Cairo and Capaha Bank.  The resolution of claims regarding this particular *res* have no bearing on any other potential claims to other *res* not identified herein.

6 | P a g e

The motions for summary judgment (Docs. 29 and 30) are hereby **GRANTED** in accord with the agreement set forth in the Court's Orders approving settlement (Docs. 53 and 54). All parties not explicitly contemplated by these settlements are hereby **DISMISSED** with prejudice.

No claims remain in light of the above disposition, so the Clerk of the Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATED: February 23, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge